# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KRISTOPHER A. HIGGINS,
      Appellant,

      v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
SF-315H-14-0609-I-1

DATE: October 10, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Kristopher A. Higgins, Bakersfield, California, pro se.

Sarah Dawn Dobbs, Fort Irwin, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of his termination during his probationary period. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2    The agency appointed the appellant to a competitive service position effective March 10, 2014, subject to his successful completion of a 1-year probationary period.  Initial Appeal File (IAF), Tab 8 at 12-13.  Shortly thereafter, the appellant was required to submit to various medical tests because his position had medical standards that he was required to meet.  *See* IAF, Tab 1 at 18.  On May 16, 2014, the appellant failed the Ishihara color blindness test, IAF, Tab 1 at 8, and, on May 20, 2014, the agency gave him notice of his termination during his probationary period because he failed to meet the physical terms and conditions of his position, IAF, Tab 8 at 10-11.  On appeal, the administrative judge dismissed the appeal for lack of jurisdiction without holding a hearing.  IAF, Tab 10, Initial Decision.

¶3    Because the appellant was terminated from a competitive service position, he must satisfy the definition of "employee" set forth at 5 U.S.C. § 7511(a)(1)(A) to have Board appeal rights under chapter 75.  *See Henderson v. Department of the Treasury*, 114 M.S.P.R. 149, ¶ 9 (2010).  To qualify as an "employee" the appellant must show that he is not serving a probationary period or has completed

1 year of current, continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A); *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341-43 (Fed. Cir. 2002).

¶4    An appellant who has not served a full year under his appointment can show that he has completed his probationary period, and so is no longer a probationer, by tacking on prior service if the prior service was: (1) rendered immediately preceding the probationary appointment; (2) performed in the same agency; (3) performed in the same line of work; and (4) completed with no more than one break in service of less than 30 days. *Henderson*, 114 M.S.P.R. 149, ¶ 10. Alternatively, an employee can show that, while he may be a probationer, he is an "employee" with chapter 75 appeal rights because, immediately preceding the adverse action, he had completed at least 1 year of current, continuous service in federal civilian service without a break of a workday. *Id.*

¶5    The appellant here served only 11 weeks of his 1-year probationary period. His prior federal civilian service was with Department of the Air Force, not in the same agency from which he was terminated. IAF, Tab 8 at 33. Thus, his prior federal service does not count towards the completion of his probationary period. Similarly, because his last period of prior federal employment ended on February 17, 2014, *see* IAF, Tab 9, Subtab N, he had a break in service of more than a workday between the end of his employment with Department of the Air Force and his appointment to the position in question and, therefore, he does not have 1 year of current, continuous service. Consequently, the appellant does not qualify as an "employee" under either 5 U.S.C. §§ 7511(a)(1)(A)(i) or (A)(ii).

¶6    A probationary employee in the competitive service can only bring an appeal of his termination if he was discriminated against because of his marital status or partisan political affiliation or if the agency action was based in whole or in part on issues that arose pre-appointment and the required procedures were not followed. *Henderson*, 114 M.S.P.R. 149, ¶ 9. The appellant here was terminated because he failed a post-appointment medical examination and failed

to meet the medical standards for his position.  IAF, Tab 8 at 10-11.  Although his medical condition existed before his appointment, that does not mean that he was terminated for pre-appointment reasons.  *See Rivera v. Department of the Navy*, 114 M.S.P.R. 52, ¶ 8 (2010) (termination for failing to meet the requirements of his position during his probationary period because of his pre-employment credit history was a termination for post-appointment reasons).  Therefore, the Board only has jurisdiction over the appellant's termination if he shows that his termination was based on marital status discrimination or partisan political reasons.  *See, e.g.*, *Smith v. Department of Defense*, 106 M.S.P.R. 228, ¶ 8 (2007).  The administrative judge correctly found that the appellant failed to allege that his termination was based on either ground, Initial Decision at 5-7, and we find that she correctly dismissed the appeal for lack of jurisdiction.

¶7        In his petition for review, the appellant contends that the agency violated its own rules when it administered only the Ishihara test and that the agency should have administered additional tests, such as the lantern test and the red/green/yellow test, which he would have passed.  Petition for Review File, Tab 1 at 3-5.  He argues that he would have met the medical standards for his position, and was therefore wrongfully terminated.  *Id.* at 3-9. These arguments, however, relate to the reasons underlying the termination and not the issue of Board jurisdiction and provide no basis to disturb the initial decision.  *See Rivera*, 114 M.S.P.R. 52, ¶ 7 (in an appeal of a termination during a probationary period, the merits of the agency's decision are not before the Board).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                                    _____
                                                 William D. Spencer
                                                 Clerk of the Board

Washington, D.C.